UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $413,226.25 IN U.S. CURRENCY; | § | |
| 2010 MERCEDES BENZ S65 AMG | § | |
| VIN: WDDNG7KB2AA338316; | § | |
| $2,136.29 SEIZED FROM BBVA | § | |
| COMPASS ACCOUNT *7062; | § | |
| $9,665.21 SEIZED FROM BBVA | § | |
| COMPASS ACCOUNT *9987; | § | |
| $5,224.28 SEIZED FROM BBVA | § | |
| COMPASS ACCOUNT *9754; | § | |
| $4,764.50 SEIZED FROM BBVA | § | |
| COMPASS ACCT *8960; | § | |
| $3,559.05 SEIZED FROM BBVA | § | |
| COMPASS ACCT *4014; | § | |
| $22,135.94 SEIZED FROM BBVA | § | |
| COMPASS ACCT *0218; | § | |
| $12,911.51 SEIZED FROM BBVA | § | |
| COMPASS ACCT *0658; | § | |
| ASSORTED JEWELRY; | § | |
| $191,816.46 SEIZED FROM JP | § | |
| MORGAN CHASE BANK *3529; | § | |
| $1,658.97 SEIZED FROM JP MORGAN | § | |
| CHASE BANK *2452; | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon

information and belief:

*Nature of Action*

1.     This is an action to forfeit property to the United States.

*Jurisdiction and Venue*

2.      This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C.

§§ 1345 and 1355.

3.      Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355,

1391, and 1395.

*Defendants in Rem*

4.      The Defendant Properties are:

   a) $413,226.25 in U.S. Currency;

   b) 2010 Mercedes-Benz S65 AMG, VIN: WDDNG7KB2AA338316;

   c) $2,136.29 seized from BBVA Compass Bank checking account *7062;

   d) $9,665.21 seized from BBVA Compass Bank savings account *9987;

   e) $5,224.28 seized from BBVA Compass Bank checking account *9754;

   f) $4,764.50 seized from BBVA Compass Bank checking account *8960;

   g) $3,559.05 seized from BBVA Compass Bank checking account *4014;

   h) $22,135.94 seized from BBVA Compass Bank checking account *0218;

   i) $12,911.51 seized from BBVA Compass Bank savings account *0658;

   j) Assorted Jewelry valued at $14,900.00;

   k) $191,816.46 seized from JP Morgan Chase Bank checking account *3529; and

   l) $1,658.97 seized from JP Morgan Chase Bank checking account *2452.

The Defendant Properties were seized on or between January 30, 2019, and will remain in

the custody of the United States Marshal Service of the Southern District of Texas.

*Statutory Basis for Forfeiture*

5.      Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money and other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of the Controlled Substances Act.  Underlying violations of the Act include 21 U.S.C. § 841 (Distribution of Controlled Substances) and 21 U.S.C. § 846 (Conspiracy to Distribute Controlled Substances).

6.      Title 21 U.S.C. § 984 provides for the forfeiture of funds found in the same place or account as the property involved in the offense that is the basis for the forfeiture so long as the action is commenced within one year from the date of the offense.  Section 984 excused the government from the tracing requirement with respect to such funds.

*Facts*

Continuous Medical Care and Rehabilitation Services, LLP

7.      Continuous Medical Care and Rehabilitation Services, LLP (hereinafter "Continuous"), located at 1135 Edgebrook A, Houston, Texas 77034, was a pain management clinic that operated as a "pill mill".  Continuous also operated at three previous locations including 7227 Fannin, Suite 101, Houston Texas 77030, 5600 S. Willow Drive, Suite 201, Houston, Texas 77035, and 8313 Southwest Freeway, Suite 240, Houston, Texas.

8.      Ashley McCain (hereinafter "McCain") and her husband John Sims (hereinafter "Sims") were the owners of Continuous.  Dr. Stephen Smith (hereinafter "Dr. Smith") worked as the prescribing physician at Continuous.

9.      Continuous prescribed controlled substances to various persons, including Schedule II oxycodone and hydrocodone and Schedule IV carisoprodol, without a legitimate medical purpose and outside the scope of professional practice. Oxycodone, hydrocodone and carisoprodol are highly addictive controlled substances.  Continuous illegally prescribed controlled substances from on or between May of 2017 to on or about January 2019, through its owners McCain and Sims, and Dr. Smith.

10.     Continuous relied on "crew leaders" to bring patients to the clinic.  A "crew leader" is someone who recruits and transports people to the clinic, often pays for their visits and prescriptions, and subsequently takes control of their prescription drugs to divert and sell to street-level drug dealers or to others for profit.  The "crew leader" pays the people he recruits a small fee for acting as clinic patients.

11.     Continuous exhibited several characteristics indicative of a clinic dispensing prescriptions for controlled substances without a legitimate medical purpose, including:

   a. Patients paid a set fee in cash before seeing a doctor
   b. Patients paid the fee regardless of the reason for visiting the clinic
   c. No credit cards or insurance payments were accepted
   d. There were no exterior signs on the clinic
   e. The clinic used recruiters to bring patients in
   f. Continues issued an inordinate number of prescriptions for oxycodone
   g. The majority of prescriptions for oxycodone were for 120 pills
   h. The clinic was not licensed as a pain management clinic in the State of Texas
   i. Security guards vetted persons entering the clinic

4

Controlled Substances for Cash

12.     There is reason to believe that Continuous, through McCain and Sims, sold oxycodone, hydrocodone and carisoprodol, prescribed by Dr. Smith, for cash, much of which was deposited in the business bank accounts belonging to each of them.

13.     The Prescription Monitoring Program ("PMP") is a database of all reported prescriptions for controlled substances that are issued and dispensed in Texas.  The Texas Department of Public Safety ("DPS") maintained the database until September 1, 2016, after which the Texas State Board of Pharmacy ("TSBP") took over.   The PMP data is self-reported by pharmacies and searchable by provider, patient, and pharmacy.

14.     Investigators reviewed Dr. Smiths's PMP prescribing history from March 1, 2017 to November 30, 2018.  According to PMP data, Dr. Smith prescribed carisoprodol with either hydrocodone or oxycodone to most patients.  Together, the prescriptions for carisoprodol, hydrocodone, and oxycodone, made up approximately 97% of the controlled substances Dr. Smith prescribed.  Hydrocodone and oxycodone accounted for roughly half of that 97%, while carisoprodol accounted for roughly the other half, indicating that Dr. Smith prescribed carisoprodol and either hydrocodone or oxycodone together.  Dr. Smith prescribed approximately 2,233,581 dosage units of hydrocodone, hydrocodone and carisoprodol while employed at Continuous.

15.     Investigators also compared Dr. Smith's controlled substance prescriptions in February 2017 to those in February 2018 – at or near the time, he changed his DEA registration information and became associated with Continuous.  According to PMP data,

Dr. Smith issued approximately 120 prescriptions for controlled substances in February 2017, compared to approximately 1,032 prescriptions for controlled substances in February 2018, which represents a 760% increase in prescriptions for controlled substances. According to PMP data, Dr. Smith did not prescribe any controlled substances prior to February 2017.

16.    Between February 2017 and January 2019, Dr. Smith filled 5,106 prescriptions for 609,472 dosage units of oxycodone; 6,425 prescriptions for 758,348 dosage units of hydrocodone; and 10,367 prescriptions for 931,134 dosage units of carisoprodol.

17.    Sims and McCain, husband and wife, hired Dr. Smith to work at the clinic. Under their ownership and supervision, Continuous prescribed 20-50 prescriptions each day and charged $500.00 for oxycodone prescriptions and $275 for hydrocodone prescriptions.  Based on the amount of prescriptions and price per prescriptions issued between February 2017 and January 2019, it is believed that Continuous generated over $4,000,000.00 in revenue.  The clinic accepted cash payments only.

18.    On January 29, 2019, investigators searched Sims' and McCain's residence and seized a total of $413,226.25 in U.S. currency.  Investigators also seized a 2010 Mercedes Benz S65 AMG (Vin: WDDNG7KB2AA338316) and assorted jewelry from the residence.  On or about the same date, investigators seized funds belonging to Sims and McCain from seven BBVA Compass back accounts in the following amounts: $2,136.29; $9,665.21; $5,224.28; $4,764.50; $3,559.05; $22,135.94; and $12,911.51. The property and money seized from Sims and McCain constitute proceeds from illegal drug trafficking.

6

19.     On or about January 29, 2019, investigators seized $191,816.46 and $1,658.97 from JP Morgan Chase Bank accounts belonging to Dr. Smith.  The money seized from Dr. Smith constitutes proceeds from illegal drug trafficking.

The Defendant Properties are Subject to Forfeiture

20.     Criminal proceeds generated by Continuous for the controlled substance transactions kept in a safe at the Sims and McCain residence and also deposited into bank accounts at BBVA Compass savings and checking accounts controlled by Sims and McCain and Dr. Smith.   Criminal proceeds generated by Continuous were also deposited into bank accounts at JP Morgan Chase Bank controlled by Dr. Smith. Each Defendant Property listed below is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as the proceeds of controlled substance transactions in violation of 21 U.S.C. §§ 841 and 846:

a) Defendant $2,136.29 seized from BBVA Compass Bank checking account *7062 which contained criminal proceeds of controlled substance transactions;

b) Defendant $9,665.21 seized from BBVA Compass Bank savings account *9987 which contained criminal proceeds of controlled substance transactions;

c) Defendant $5,224.28 seized from BBVA Compass Bank checking account *9754 which contained criminal proceeds of controlled substance transactions;

d) Defendant $4,764.50 seized from BBVA Compass Bank checking account *8960 which contained criminal proceeds of controlled substance transactions;

e) Defendant $3,559.05 seized from BBVA Compass Bank checking account *4014 which contained criminal proceeds of controlled substance transactions;

f) Defendant $22,135.94 seized from BBVA Compass Bank checking account *0218 which contained criminal proceeds of controlled substance transactions;

g) Defendant $12,911.51 seized from BBVA Compass Bank savings account *0658 which contained criminal proceeds of controlled substance transactions;

h) Defendant $191,816.46 seized from JP Morgan Chase Bank checking account *3529 which contained criminal proceeds of controlled substance transactions; and

i) Defendant $1,658.97 seized from JP Morgan Chase Bank checking account *2452 which contained criminal proceeds of controlled substance transactions.

21.     Each of the additional Defendant Properties listed below is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as property furnished or intended to be furnished in exchange for a controlled substance, or as property constituting or traceable to the proceeds of controlled substance transactions, all in violation of 21 U.S.C. §§ 841 and 846:

j) $413,226.25 in U.S. Currency seized from Sims' and McCain's residence;

k) 2010 Mercedes-Benz S65 AMG, VIN: WDDNG7KB2AA338316, seized from Sims and McCain; and,

l) Assorted Jewelry valued at $14,900.00, seized from Sims and McCain residence.

<u>NOTICE TO ANY POTENTIAL CLAIMANTS</u>

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer

must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United Sates Attorney at the United Sates Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## *Relief Requested*

The United States requests a judgment of forfeiture forfeiting the Defendant Properties to the United States with such other relief to which the United States may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:   s/Abe Martinez
      Abe Martinez
      Assistant United States Attorney
      United States Attorney's Office
      Southern District of Texas
      1000 Louisiana, Suite 2300
      Houston, TX 77002
      (713) 567-9349 (office)
      abe.martinez@usdoj.gov

## *Verification*

I, LaChanda L. Sears, a Special Agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the fact set forth in the foregoing Verified Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the . best of my knowledge and belief.

Executed on this  23rd   day of July 2019.

LaChanda L. Sears
Special Agent
U.S. Drug Enforcement Administration